# In the United States Court of Federal Claims

Sub-Master Docket No. 17-9001L

(Filed: June 29, 2020)

(NOT TO BE PUBLISHED)

```
***********************************  )
IN RE UPSTREAM ADDICKS AND           )
BARKER (TEXAS) FLOOD-                )
CONTROL RESERVOIRS                   )
                                     )
***********************************  )
THIS DOCUMENT APPLIES TO:            )
                                     )
ALL UPSTREAM CASES                   )
                                     )
***********************************  )
```

Daniel H. Charest and E. Lawrence Vincent, Burns Charest LLP, Dallas, Texas, Charles Irvine, Irvine & Conner PLLC, Houston, Texas, and Edwin Armistead Easterby, Williams Hart Boundas Easterby, LLP, Houston, Texas, Co-Lead Counsel for Upstream Plaintiffs. Of Counsel was Vuk S. Vujasinovic, VB Attorneys, PLLC, Houston, Texas.

Kristine S. Tardiff, Trial Attorney, Natural Resources Section, Environment & Natural Resources Division, United States Department of Justice, Concord, New Hampshire, for defendant. With her on briefs were Jean E. Williams, Deputy Assistant Attorney General, Natural Resources Section, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C., and William J. Shapiro, Laura W. Duncan, and Sarah Izfar, Trial Attorneys, Natural Resources Section, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C.

ORDER

In this takings case involving properties damaged by impounded floodwaters derived from Hurricane Harvey in 2017, this court found the government liable after a trial focusing on thirteen bellwether plaintiffs out of the hundreds who brought suit. *See In re Upstream Addicks & Barker (Texas) Flood-Control Reservoirs*, 146 Fed. Cl. 219 (2019) (finding liability for taking a flowage easement); *see also In re Upstream Addicks & Barker (Texas) Flood-Control Reservoirs*, ___ Fed. Cl. ___, 2020 WL 2079889 (Apr. 30, 2020) (delineating scope of the flowage easement). Currently pending before the court are four motions related to fact discovery—two from defendant and two from plaintiffs. Following the completion of briefing on the motions, the court held a hearing on June 10, 2020 and the motions are ready for disposition. While the motions present overlapping issues, the court will address each individually in turn, proceeding in order of filing date.

The first motion pending before the court is defendant's motion for a protective order precluding depositions under plaintiffs' Rule 30(b)(6) deposition notice.  *See* Def.'s Mot. for Protective Order, ECF No. 291.  Plaintiffs oppose this motion, *see* Pls.' Resp. to Mot. for Protective Order, ECF No. 303, and defendant filed a reply, *see* Def.'s Reply to Pls.' Resp. to Mot. for Protective Order, ECF No. 308.  Plaintiffs' deposition notice seeks the designation and production of Rule 30(b)(6) witnesses for 49 different topics, and the government objects that the topics are overly broad, unduly burdensome, not relevant, and not proportional to determination of just compensation.  The government also contends that the notice requires it to provide legal analysis and conclusions and to speculate as to future decision-making by numerous federal agencies, noting that plaintiffs' request relates to the work of at least 20 different federal agencies.  *See* Def.'s Mot. for Protective Order. at 1-2.  This motion is GRANTED IN PART and DENIED IN PART.

Plaintiffs' request is, among other things, overly broad and seeks minimally relevant information.  Their request seeks information about essentially every flowage easement owned by defendant and apparently relates to 977 federal flood control projects.  Def.'s Mot. for Protective Order at 6.  This information would be a disproportionally large production burden to place on defendant compared to the limited utility it would have on the issues at hand.  Plaintiffs have provided no adequate reason why they need information about *other* easements and *other* flood control projects to determine their potential rights for *this* flood control project.  Therefore, their request should be limited to information pertaining directly to the easement at issue here.

Plaintiffs also seek a witness to provide testimony about defendant's use of "offsets," things like federal grants and other financial benefits plaintiffs may have received, to offset an award of just compensation.  *See* Def.'s Mot. for Protective Order at 8.  This appears, as defendant argues, to require defendant to disclose their legal theories for just compensation, *see id.*, and is not an appropriate contention request at this stage of discovery.  This information is more properly exchanged during expert discovery.  Additionally, to the extent that plaintiffs request information on federal programs not applicable to the six bellwether properties, the request is irrelevant.  Any such request should be limited to the six properties at issue here in the just compensation phase of the case.

The remainder of defendant's objections relate mainly to the suggestion that some of the topics are repetitive of previous discovery efforts by plaintiffs in the phase of the case that concerned liability.  *See, e.g.*, Def.'s Mot. for Protective Order at 14.  Although duplicative efforts are not needed, plaintiffs' request for defendant to provide updated information is appropriate.  Defendant may have information that, for example, presents updated and completed hydrology reviews or revisions to the Upper Buffalo Bayou Watershed flood control plan.  Even though this information may have been created after the date of taking, it is not irrelevant because the easement is permanent and thus the risk faced by future impounded floodwaters would likely have a bearing on the frequency of use by defendant of the flowage easement that has been taken and therefore property value.  Information relating to the Buffalo Bayou flood control project generally that would affect the Addicks and Barker Dams and Reservoirs, or

information directly relating to the Addicks and Barker Dams and Reservoirs, or the effects from Hurricane Harvey on these areas, regardless of date of creation, is relevant.[1]

The second pending motion is defendant's motion to compel the production of disaster-related casualty loss documents. *See* Def.'s Mot. to Compel, ECF No. 292. Plaintiffs filed a response in opposition ("Pls.' Resp. to Mot. to Compel"), *see* ECF No. 302, and defendant replied, *see* Def.'s Reply to Pls.' Resp. to Mot. to Compel, ECF No. 305. Defendant is seeking to compel the production of documents from plaintiffs that relate to any disaster-related casualty loss claimed by plaintiffs from Hurricane Harvey, including all federal income tax returns and the associated worksheets, schedules, and supporting documents. Def.'s Mot. to Compel at 1-2. Plaintiffs represent that they have provided all requested documents to defendant except their federal income tax returns and related attachments. Pls.' Resp. to Mot. to Compel at 1.

As plaintiffs correctly contend, their tax returns enjoy a form of qualified privilege, *see* Pls.' Resp. to Mot. to Compel at 8-9 (citing *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975), and *Gattegno v. Pricewaterhousecoopers, LLP*, 205 F.R.D. 70, 72-73 (D. Conn. 2001), among other precedents), and defendant has failed to present a compelling reason as to it is they are entitled to overcome the privilege and gain access to the documents. Defendant asserts that the tax documents are relevant to the determination of just compensation, in that the amount of compensation should be offset by any tax benefit plaintiffs may have received in claiming a casualty loss deduction. *See* Def.'s Mot. to Compel at 4-5. The court is skeptical that such a collateral benefit would be considered as a relevant consideration in the calculation of just compensation, *see, e.g.*, *Phillips v. Western Co. of N. America*, 953 F.2d 923, 929 (5th Cir. 1992) (noting there is no "reduction in [] liability by any amounts the plaintiff receives from a source collateral to, or independent of, the tortfeasor"), but further, this tax information can be sought by defendant through other, less intrusive, means.

Contrastingly, direct payments from federal programs may be relevant to the calculation of just compensation, and plaintiffs should provide defendant with requested documents pertinent to direct payments to the extent they have not yet done so. Consequently, defendant's motion to compel is GRANTED IN PART and DENIED IN PART, in that plaintiffs are compelled to provide only documents they have not yet provided that pertain to any direct federal program payments they may have received, but they do not need to provide the requested tax documents.

The third pending motion before the court is plaintiffs' motion to compel the production of documents. *See* Pls.' Mot. to Compel Documents, ECF No. 298. Defendant opposes this motion. *See* Def.'s Resp. to Mot. to Compel Documents, ECF No. 307. Plaintiffs seek to compel the production of documents related to six different topic areas: (1) updated appraisals and flood damage estimates of the upstream area; (2) the government's claimed offsets; (3)

---

[1] To the extent that defendant seeks to assert the deliberative process privilege for some of this information, it has not done so properly. If defendant believes information is protected by the deliberative process privilege, it can make a proper assertion of the privilege when the time arises. *See, e.g.*, *Marriot Int'l Resorts, L.P. v. United States*, 437 F.3d 1302 (Fed. Cir. 2006); *Chao v. Westside Drywall, Inc.*, 254 F.R.D. 651, 657 (D. Or. 2009).

3

documents relating to the application of the Uniform Relocation Act; (4) updated project analysis and data relating to the risk of flooding; (5) updated upstream inundation maps and datasets; and (6) real property records relating to a number of the government's flowage easements.  Pls.' Mot. to Compel Documents at 1-2.  The arguments presented by the parties with regard to these categories of documents echo those presented by defendant's motions, and thus the reasoning set out *supra*, also applies.  As to categories 1, 4 and 5, just as with the first motion, regardless of date of creation, defendant shall provide documents it has if they contain information that relates to the amount of risk of future flooding at the time of taking.[2]  Similarly for category 6, just as with the first motion, plaintiffs' requests should be limited to only those documents that relate to the easement at issue in this case; defendant is not required to provide information about other easements or flood control projects.  For category 2, defendant represents that is has already produced all documentation it has regarding benefits plaintiffs received that might serve as offsets, and thus, there are no further documents to produce.  Def.'s Resp. to Mot. to Compel Documents at 10.  Lastly, defendant correctly asserts that there are no relevant documents to produce regarding category 3, because the Uniform Relocation Act is inapplicable to the means of actually determining just compensation.  *See id.* at 10-11.  Thus, this motion is GRANTED IN PART and DENIED IN PART, in line with the limitations set forth above.

The last pending motion before the court is plaintiffs' motion to compel answers to four of its interrogatories.  *See* Pls.' Mot. to Compel Interrogatories, ECF No. 299.  Plaintiffs seek to compel the government to answer various interrogatories related to what it contends should be the amount of just compensation.  Defendant objects to this motion, *see* Def.'s Resp. to Mot. to Compel Interrogatories, ECF No. 306, arguing that these interrogatories call for the disclosure of purely legal theories, *id.* at 1.  Defendant's objections have merit.  While there is no question of relevance here, plaintiffs appear to be seeking information that either concerns pure questions of law or is premature.  The information plaintiffs seek necessarily will be disclosed during expert discovery.  Therefore, this motion is DENIED.  Plaintiffs are permitted, however, to put forth appropriate contention interrogatories that are limited to questions of mixed fact and law.  For example, plaintiffs can ask about the subjects and factual predicates related to relevant federal program offsets.  But it is premature and inappropriate to ask essentially for the instructions that defendant will give to its expert.

For the reasons stated, defendant's motion for a protective order is GRANTED IN PART and DENIED IN PART, and defendant's motion to compel the production of disaster-related casualty loss documents is GRANTED IN PART and DENIED IN PART.  Plaintiffs' motion to compel the production of documents is GRANTED IN PART and DENIED IN PART and plaintiffs' motion to compel the government to answer interrogatories is DENIED.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge

---

[2] *See supra* at 3 n.1, regarding any claim of the deliberative process privilege.